# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0822-18T3
               A-0823-18T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

T.E. and E.C.,

      Defendants-Appellants,

and

R.B.,

      Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF L.L.T.,
M.R.B., N.T.B., A.S.C., and
H.Y.C.,

      Minors.

_____

Submitted October 8, 2019 – Decided November 12, 2019

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FG-04-0162-18.

Joseph E. Krakora, Public Defender, attorney for appellant T.E. (Beryl Vernen Foster-Andres, Designated Counsel, on the brief).

Joseph E. Krakora, Public Defender, attorney for appellant E.C. (Robyn A. Veasey, Deputy Public Defender, of counsel; Bruce P. Lee, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Ashley L. Davidow, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors L.L.T., N.T.B., and A.S.C. (Linda Vele Alexander, Designated Counsel, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor M.R.B. (Margo E.K. Hirsch, Designated Counsel, of counsel and on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor H.Y.C. (Joseph Hector Ruiz, Designated Counsel, on the brief).

PER CURIAM

In these consolidated appeals, T.E. (Tammy) and E.C. (Eric) appeal from a judgment terminating their parental rights to five children and granting the

A-0822-18T3

Division of Child Protection and Permanency (Division) guardianship of the children, with the plan that the children be adopted.[1] Tammy and Eric argue that the Division failed to establish by clear and convincing evidence the four statutory requisites for termination of parental rights. N.J.S.A. 30:4C-15.1(a). Eric also contends that one of the trial court's findings was the result of ineffective assistance of counsel. The Division and the children's law guardians urge that we affirm the judgment and allow the adoptions to proceed. Having reviewed the record in light of the parties' contentions and applicable law, we affirm substantially for the reasons explained by Judge Francine Axelrad in her comprehensive opinion read into the record on October 4, 2018.

The facts and evidence were detailed in Judge Axelrad's opinion, which she rendered after a trial. Accordingly, we need only summarize some of the facts.

Tammy is the mother of eleven children, none of whom are currently in her care. These consolidated appeals involve five children. Tammy and R.B. (Robert) are the biological parents of three of those children: L.T. (Leah), born in February 2006; M.B. (Marcus), born in March 2007; and N.B. (Natalie), born

---

[1] We use initials and fictitious names for the parents and children to protect their privacy and the confidentiality of the record. See R. 1:38-3(d)(12).

A-0822-18T3

in July 2008. Tammy and Eric are the biological parents of the other two children: A.C. (Alison), born in December 2013; and H.C. (Henry), born in June 2015. While the guardianship judgment also terminated the parental rights of Robert, he did not attend the trial and he has not appealed the judgment.

Testing has shown that Tammy has low cognitive abilities. She also has a long history of involvement with the Division, dating back to 2001. The Division has responded to numerous reports of Tammy's inability to care for her children, including medical neglect, neglect of her children's developmental needs, inability to protect the children from abuse by other adults, exposing the children to domestic violence, and placing the children in unsanitary living conditions.

The Division has also responded to issues involving Eric. The Division received reports that Eric committed domestic violence against Tammy, physically abused the children, and sold drugs in front of the family home. The Division was also concerned that Eric placed the children at risk by leaving them with Tammy when he was arrested and incarcerated for selling drugs. The children's safety plan provided that they were not to be left unsupervised with Tammy, and Eric did not notify the Division that he was no longer able to supervise Tammy.

4                                                                    A-0822-18T3

During 2015 and 2016, the children were in and out of the custody of Tammy and Eric. Since 2017, all five of the children have been in the custody of the Division because the Family court found that neither Tammy nor Eric was able to adequately care for the children.

In April 2018, the Division filed a complaint for guardianship and a trial was conducted in September and October 2018. At trial, the Division submitted numerous exhibits into evidence and called two witnesses: a Division worker and Dr. Linda R. Jeffrey, Ph.D., an expert in psychology. Eric also testified at trial, but Tammy elected not to testify. Neither Eric nor Tammy called any witnesses.

Dr. Jeffrey evaluated both Tammy and Eric. She also performed bonding evaluations on all five children. In connection with her psychological evaluation of Tammy, Dr. Jeffrey performed various cognitive tests and found that Tammy's mental abilities were "well below average . . . ." She opined that Tammy was emotionally immature, had poor insight and judgment, and could not provide a safe level of parenting for the children.

Having evaluated Eric, Dr. Jeffrey formed diagnostic impressions that Eric had parent-child relational problems, adjustment disorder, and features of antisocial borderline personality disorder. She opined that Eric's unresolved

A-0822-18T3

issues meant he could not provide a minimal level of safe parenting. Dr. Jeffrey also opined that it would take two to three years for Eric to be able to provide a minimum level of care for his children.

In her bonding evaluations, Dr. Jeffrey found that none of the five children had a secure parental bond with either Tammy or Eric. Consequently, Dr. Jeffrey opined that none of the children should be placed in the custody of Tammy or Eric, even though Leah, Marcus, Natalie and Alison did not have identified adoptive homes at the time of the trial. Finally, Dr. Jeffrey opined that given the children's insecure or non-existent attachment to Tammy and Eric, none of the children would be seriously harmed by termination of the parental rights of Tammy and Eric.

After listening to the testimony of the witnesses, Judge Axelrad found that the Division worker and the Division's expert were credible and their testimony was supported by and consistent with the documents submitted into evidence. Judge Axelrad then made extensive findings concerning the history of neglect and abuse, the Division's effort to assist Tammy and Eric, the Division's efforts to find alternatives to termination of the parental rights, and the children's current circumstances. Judge Axelrad found that the Division had proven by

6

clear and convincing evidence all four prongs necessary for termination of parental rights under N.J.S.A. 30:4C-15.1(a).

With regard to prong one, Judge Axelrad found that the children had been harmed and were at risk of harm because of the actions and inactions of Tammy and Eric. She based that finding on evidence that Eric had engaged in domestic violence against Tammy, Eric had physically abused at least one of the children, Tammy had not protected the children from abuse, Eric had left the children with Tammy knowing that she could not safely parent the children by herself, and Eric had sold drugs outside the family's home, which resulted in his arrest and incarceration.

Concerning prong two, Judge Axelrad relied on Dr. Jeffrey's testimony that both Tammy and Eric had failed, and would continue to fail, to provide a safe and stable home for the children. Judge Axelrad also noted that a delay in permanent placements for the children would result in further harm to the children.

Turning to prong three, Judge Axelrad found clear and convincing evidence that the Division made reasonable efforts to provide both Eric and Tammy with services to help them remedy the circumstances that led to the removal of the children. Judge Axelrad went on to find that neither Tammy nor

A-0822-18T3

Eric had used those services effectively. In addition, Judge Axelrad found that the Division considered alternatives to termination of parental rights and determined that no reasonable alternatives existed.

Finally, with regard to prong four, Judge Axelrad again relied on the unrebutted testimony of Dr. Jeffrey that termination of Tammy's and Eric's parental rights would not do more harm than good. In making that finding, the judge relied on the testimony of Dr. Jeffrey that the three older children had insecure attachments to Tammy and Eric, and the two younger children had no psychological attachments to Eric or Tammy. Judge Axelrad also appropriately considered that the four older children did not yet have identified adoptive homes, but relied on Dr. Jeffrey's testimony that, even under those circumstances, returning the children to the custody of Eric or Tammy would not be in the children's best interest.

Tammy and Eric argue that the trial court erred in finding each of the four prongs under the best-interests test. In particular, they challenge the court's findings under prongs two and three. We are not persuaded by the arguments of either Tammy or Eric.

Each of Judge Axelrad's findings concerning the four prongs is supported by substantial, credible evidence. See N.J. Div. of Youth & Family Servs. v.

F.M., 211 N.J. 420, 448 (2012) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)). Moreover, Judge Axelrad correctly summarized the law and correctly applied her factual findings to the law. See N.J. Div. of Child Prot. & Permanency v. P.O., 456 N.J. Super. 399, 407 (App. Div. 2018). Judge Axelrad appropriately relied on the unrebutted testimony of Dr. Jeffrey who conducted a number of evaluations and had a factual basis for her opinions. In that regard, our Supreme Court has noted: "In a termination of parental rights trial, the evidence often takes the form of [expert testimony] by psychiatrists, psychologists, and other mental health professionals." N.J. Div. of Child Prot. & Permanency v. R.L.M., 236 N.J. 123, 146 (2018).

Finally, we reject Eric's argument that his counsel was ineffective. Eric contends that he was prejudiced by his attorney's failure to notify Judge Axelrad that a prior judge directed the Division to change a prior finding of substantiation from "established" to "not established." That finding related to the incident where Eric was arrested for selling drugs outside the family home and the Division determined that he violated a safety protection plan by leaving Tammy unsupervised with the children.

Parents are entitled to effective assistance of counsel when they are charged with abuse or neglect or when the Division seeks to terminate their

A-0822-18T3

parental rights. N.J. Div. of Youth and Family Servs. v. B.R., 192 N.J. 301, 308 (2007); N.J. Div. of Child Prot. & Permanency v. G.S., 447 N.J. Super. 539, 555 (App. Div. 2016). In evaluating a claim of ineffective assistance of counsel, our Supreme Court has adopted the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). B.R., 192 N.J. at 307-08. Accordingly, a defendant claiming ineffective assistance of counsel must establish both that (1) counsel's performance was deficient; and (2) defendant was prejudiced by counsel's deficient performance. Strickland, 466 U.S. at 687.

Here, there is no showing that Eric was prejudiced by counsel's performance. In making her findings, Judge Axelrad did find that Eric had exposed the children to harm when he was arrested for selling drugs and thereby left the children unsupervised in the care of Tammy. That finding, however, was only one of several findings supporting the termination of Eric's parental rights. Thus, Eric has not shown that the termination of his parental rights should be reversed on the grounds of ineffective assistance of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0822-18T3